is dismissed. Lazansky, P. J., Kapper, Hagarty and Seeger, JJ., concur; Carswell, J., dissents.

Max Kantor and Philip Kantor, Copartners, etc., Appellants, v. New Amsterdam Casualty Company and Fidelity and Deposit Company of Maryland, Respondents.— Order modified by directing defendants to furnish particulars of other robbery insurance applied for by plaintiffs prior to the procurement from them of the policies referred to in the complaint, and of the precautions that were neglected to safeguard the insured property, as alleged in the answers, in so far as defendants are able so to state at this time. Inability, however, so to state particulars, at this time, will not preclude defendants from offering evidence in support of their defenses upon the trial. As so modified, the order is affirmed, without costs. Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

Eva Kowensky, Appellant, v. Harry Kowensky, Respondent.— Judgment dismissing complaint on the merits unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Rich, Kapper, Hagarty and Carswell, JJ.

John Lackner Company, Respondent, v. John Lackner, Appellant. (Action No. 1.) — Order granting injunction *pendente lite* reversed on the law, with ten dollars costs and disbursements, and motion for an injunction denied, without costs, upon the ground that the action is one for money damages only. (*Osann* v. *Jones Motrola, Inc., No. 3,* 208 App. Div. 854.) Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

John Lackner Company, Respondent, v. John Lackner, Appellant. (Action No. 2.) — Order granting injunction *pendente lite* reversed on the law, with ten dollars costs and disbursements, and motion for an injunction denied, without costs, upon the ground that the action is one for money damages only. (*Osann* v. *Jones Motrola, Inc., No. 3,* 208 App. Div. 854.) Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ., concur.

Margaret Lafreniere, Plaintiff, v. Hambleton Corporation, Prospective Properties, Inc., Defendants. Droesch Realty Corporation, Appellant; Samuel B. Heiman, Respondent.— Order modifying report and findings of referee and directing that the entire surplus moneys be awarded to respondent reversed upon the law, with costs, and motion to confirm referee's report granted. The decision of the referee, " That the provision contained in the mortgage for $61,500, held by the said defendant Droesch Realty Corporation, and above set forth herein, providing for a subordination of said mortgage to a first mortgage of $28,000 and to a second mortgage of $28,500, do [sic] not entitle the said defendant Samuel B. Heiman to priority over said mortgage of $61,500 so held by the defendant Droesch Realty Corporation, as aforesaid," is supported by the evidence. Respondent did not have an interest in the mortgaged premises, either as a lienor or as an incumbrancer, at the time he loaned or advanced $5,000 to defendant Prospective Properties, Inc. That sum was used to make a payment on account of the principal of the second mortgage, so as to prevent foreclosure. Respondent, therefore, is not entitled to be subrogated to any part of the second mortgage so reduced by such payment. Lazansky, P. J., Rich, Young, Kapper and Seeger, JJ., concur.

Christian Larsen, Respondent, v. Franklin P. Schaffer, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Rich, Hagarty, Seeger and Carswell, JJ.